**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

OCT 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN C. LEVI, | No. 19-35282 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-00282-RRB |
| v. | |
| STATE OF ALASKA, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted October 15, 2019[**]

Before:     FARRIS, LEAVY, and RAWLINSON, Circuit Judges.

Steven C. Levi appeals pro se from the district court's judgment sua sponte dismissing his 42 U.S.C. § 1983 action for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987), and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly dismissed Levi's action for failure to state a claim because neither a State nor a state agency is a person for purposes of § 1983 liability and Levi failed to allege any facts showing a constitutional violation. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997) (Section 1983 "creates no remedy against a State"); *Howlett v. Rose*, 496 U.S. 356, 365 (1990) (a governmental agency that is an arm of the state is not a person for purposes of § 1983); *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 432 (1996) ("The Seventh Amendment . . . governs proceedings in federal court, but not in state court.").

The district court did not abuse its discretion in denying leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile); *see also Sparling v. Hoffman Const. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988) (court may sua sponte dismiss for failure to state a claim without notice or an opportunity to respond where plaintiff cannot possibly win relief).

 We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Levi's motion to transmit exhibit (Docket Entry No. 3) is denied. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988)

("Papers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal.").  Levi's motion to accept supplemental brief (Docket Entry No. 18) is granted.

**AFFIRMED.**